UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALAN BEYKER GALDAMES-ALVARADO,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondents.

Case No. 1:26-cv-08691-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Petitioner Alan Beyker Galdames-Alvarado filed a petition for writ of habeas corpus alleging that his detention by ICE violates his Fifth Amendment right to due process. *See* ECF No. 1 ¶¶ 24–27. For the reasons that follow, the Court GRANTS the petition and orders Petitioner's immediate release.

## I. BACKGROUND

The facts alleged in the petition and Respondents' filings are as follows. Petitioner is a citizen of Guatemala who entered the United States in 2023 after crossing the southern border. *Id.* ¶ 7. He was first encountered by immigration authorities in March 2024 following an arrest for trespassing and vehicular theft. ECF No. 7-1 at 2. Rather than detaining Petitioner, ICE served him with a Notice to Appear placing him in removal proceedings, and released him from custody under the "Alternative to Detention Program[.]" *Id.* at 2, 15. Petitioner was subsequently ordered removed by an immigration judge in January 2026, and filed a timely appeal of that order to the Board of Immigration Appeals ("BIA"). *Id.* at 2, 10–13. Accordingly, there is no executable order of removal in place. *See* 8 C.F.R. § 1241.1(a).

Petitioner was not detained at his immigration court hearing in January. Rather, he was

United States District Court
Eastern District of California

United States District Court
Eastern District of California

arrested by ICE following a traffic stop in July 2026. *Id*. at 2. Respondents do not allege that Petitioner failed to comply with any of the conditions of his 2024 release, or that his re-detention following the entry of the immigration judge's removal order was justified on a finding of changed circumstances. Indeed, Petitioner has not had any further criminal arrests, nor have Respondents argued that Petitioner has become a flight risk. *See* ECF No. 7-1 at 21–25.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents oppose relief on Petitioner's due process claim, arguing that his detention is lawful under 8 U.S.C. § 1226(a), and that he should be required to request a bond hearing in immigration court before seeking relief through habeas. ECF No. at 3. They further contend that there can be no due process violation when § 1226(a) procedures are followed. *Id*. at 3–4. These arguments lack merit.

### A. Exhaustion

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the

deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Assuming that the *Puga* factors favor exhaustion, waiver is appropriate. Petitioner has brought a constitutional challenge to his detention under §1226(a). "[A]n exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures because the BIA does not have jurisdiction to determine the constitutionality of the statutes it administers." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (cleaned up). Therefore, the Court may consider Petitioner's constitutional challenge to his detention.

**B. Due Process**

As this Court has explained in its prior orders, noncitizens "previously … released by immigration authorities obtain a protected liberty interest in their continued freedom." *Ayala Escobar v. Warden of the California City Det. Facility*, No. 1:26-CV-05431-NW, 2026 WL 2884334 (E.D. Cal. Sept. 25, 2026). As Petitioner was released from ICE custody in 2024, Petitioner retains a protected liberty interest to remain free from custody during the pendency of his removal proceedings. *Cajina v. Wofford*, No. 1:25-CV-1566 DAD AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025) (explaining that the court "need not determine whether § 1225 or § 1226 applies … because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme"); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1092–93 (E.D. Cal. 2025) (finding Petitioner had a protected liberty interest where petitioner had been previously released by immigration authorities, even though both parties agreed § 1225(b)(1)(B)(ii) controlled detention).

United States District Court
Eastern District of California

For the reasons identified in *Ayala Escobar v. Warden of the California City Det. Facility*, and applying the *Mathews v. Eldridge,* 424 U.S. 319 (1976) framework, Petitioner is entitled to a hearing at which the Government must justify the basis for revocation of his release. 2026 WL 2884334, at *2–3. Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation without any hearing is considerable, and Respondents' interest in detaining Petitioner without any process is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Though Respondents maintain that Petitioner's detention is lawful under § 1226(a), they have not indicated any reason for the summary revocation of Petitioner's prior release. "While the Ninth Circuit concluded that a post-detention bond hearing generally satisfies due process for the detention of a noncitizen pending removal proceedings … it did not foreclose 'as-applied due process challenges to § 1226(a).'" *Perez Bueno v. Janecka*, No. 5:25-cv-03376-CAS-BFM, 2026 WL 309934, at *3 (C.D. Cal. Feb. 5, 2026) (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022)). Here, the risk of erroneous deprivation is high where the Government "fails to provide any sort of notice regarding the reason for a person's detention, and fails to provide a pre-deprivation hearing" demonstrating changed circumstances since the individual's prior detention and release. *Anderson v. Chernut*, No. 1:26-CV-01960-DAD-CKD, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026) (finding due process violation where Government failed to provide *pre*-deprivation process, even though Petitioner had received a belated bond hearing). As the Government did not notify Petitioner of the basis for the revocation of his release, or provide him with an opportunity to challenge that revocation, he is entitled to relief on his due process claim.

## IV. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. No. 1) is GRANTED. Respondents are ORDERED to immediately release Petitioner from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. The Government is permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice

United States District Court
Eastern District of California

describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This Order does not address the circumstances under which Respondents may re-detain Petitioner if he becomes subject to a final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 18, 2026

Noël Wise
United States District Judge